UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:16-CV-00138

WILLIAM STEFAN WHITE                                              PLAINTIFF

V.

TRANSPORTATION SERVICES, INC. et al.                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant TSI Logistica Fronteriza's Motion to Dismiss [DN 46]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Dismiss is **DENIED**.

### I. BACKGROUND

Plaintiff filed this lawsuit on behalf of himself and family members involved in a fatal car collision. Originally, the lawsuit named Transportation Services, Inc. ("TSI") and two employees, Genaro Sanchez Ramirez and David M. Morales, as Defendants. (Complaint [DN 1].) Then, on April 10, 2017, Plaintiff filed an Amended Complaint adding Defendant TSI Logistica Fronteriza ("LF") as an additional party. (Amended Complaint [DN 40].)

On May 10, 2017, LF brought this Motion to Dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). [DN 46] This Court, in an Order entered on June 19, 2017, allowed additional discovery to aid in deciding the motion. [DN 71] The parties have now submitted a second round of briefs, making this matter ripe for review.

### II. RELEVANT FACTS

LF is a Mexican corporation with its principal place of business in Nuevo Laredo, Mexico. It has no subsidiaries, offices, branches, employees, or property in Kentucky, does not pay Kentucky taxes, and does not advertise in Kentucky. (Mot. to Dismiss [DN 46] at 2–3.)

Instead, according to LF, it is a staffing agency that leases drivers to trucking corporations, such as TSI. (Id. at 3.) In fact, representatives from LF have testified that over ninety percent of LF's business comes from leasing truck drivers to TSI. (Giermanski Dep. 2d [DN 168] at 66.)

In this case, LF provided TSI with two drivers, Ramirez and Morales, who were on a truck route through Kentucky when they were involved in the fatal vehicle collision that forms the basis for this lawsuit. Ramirez, who was driving at the time of the collision, says that he was hired by LF. (Ramirez Dep. [DN 84] at 34.) During his trips, he was paid weekly by LF. (Id. at 60). TSI would manage the details of Ramirez's trips. (Def.'s Reply in Support of Mot. to Dismiss [DN 200] at 5.) According to the Defendants, TSI managers give instructions to the drivers including where to pick up loads, where to deliver them, where to obtain fuel and maintenance, and directions for the route. (Id.)

Sometime after the accident, Ramirez says that Edgar Trevino discharged him from his position with LF. (Id. at 28.) Trevino is the Fleet Manager for LF in Nuevo Laredo. (Trevino Dep. [DN 167] at 6.) He is also the person that originally hired Ramirez (Trevino at 26) and the person who Ramirez considered to be his "boss." (Ramirez at 28.)

### III. STANDARD OF REVIEW

The party asserting personal jurisdiction has the burden of showing that such jurisdiction exists. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). When a district court rules on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. See, e.g., Conn v. Zakharov, 667 F.3d 705, 711 (6th Cir. 2012). Further, "the pleadings and affidavits submitted on a 12(b)(2) motion are received in a light most favorable to the plaintiff," and the district court should not

"weigh the controverting assertions of the party seeking dismissal." Theunissen, 935 F.2d at 1459.

## IV. DISCUSSION

The Court finds that the Plaintiff has made a "prima facie" showing that personal jurisdiction exists over LF. As this Court previously noted, personal jurisdiction in this case turns on whether Ramirez and Morales were acting as agents of LF when the allegedly tortious conduct occurred. (Order [DN 71] at 2.) In support of its proposition that it should not be subject to personal jurisdiction in Kentucky, LF argues that while Morales and Ramirez may have been LF employees, they were loaned servants under the exclusive control of TSI at the time of the accident. Plaintiffs argue that although also working for TSI, LF still maintained control over its driver, thus subjecting LF to personal jurisdiction in Kentucky.

According to the loaned servant doctrine, a "servant may be loaned or hired by his master for some special purpose so as to become, as to that service, the servant of the party to whom he is loaned or hired, and this is true even though the servant is selected, paid, and may be discharged by the original employer." Bowen v. Gradison Const. Co., 32 S.W.2d 1014, 1016 (Ky. 1930). "This test turns on who controls the servant in the named employment." Id. Although there is evidence that TSI controlled the actions of Morales and Ramirez in that it gave the drivers instructions on where to pick up cargo, where to take the cargo, and what route to take in doing so, the analysis does not end there. "[A] person may be the servant of two masters, not joint employers, at one time as to one act, if the service to one does not involve the abandonment of the service to the other." City of Somerset v. Hart, 549 S.W.2d 814, 817 (Ky. 1977).

The evidence, taken in a light most favorable to the Plaintiff, shows that Morales and Ramirez were the servants of two masters at the time of the accident. Ramirez testified that his weekly paychecks still came from LF. Ramirez considered Edgar Trevino of LF to be his "boss;" an understandable belief given that it was Trevino who hired Ramirez and fired him after the accident.[1] Although TSI may have maintained day-to-day control as it pertained to trucking, Ramirez still considered LF to be the company for whom he worked. Most importantly however, since the business of LF is providing drivers to TSI, Morales and Ramirez were actually working to further the business interests of LF while driving for TSI. See Gordon v. Turner, No. 13-136-DLB-CJS, 2016WL3636073 (E.D. Ky. June 29, 2016).

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant TSI Logistica Fronteriza's Motion to Dismiss is **DENIED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

December 21, 2017

cc: counsel of record

---

[1] Defendant LF argues that Ramirez was not fired but rather "voluntarily left his position at LF after the accident." (Reply in Support of Mot. to Dismiss [DN 200] at 15.) However, the Sixth Circuit has instructed that courts deciding on 12(b)(2) motions should receive the evidence "in a light most favorable to the plaintiff," and not "weigh the controverting assertions of the party seeking dismissal." Theunissen, 935 F.3d at 1459.