# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO: 4:16-CV-00138

WILLIAM STEFAN WHITE, et al.                              PLAINTIFF

V.

TRANSPORTATION SERVICES, INC. et al.                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

There are six matters currently before the Court: Defendant Morales' Motion for Summary Judgment [DN 61], Plaintiffs' Motion for Partial Summary Judgment [DN 100], Plaintiffs' Motion for Leave to File Supplemental Exhibit [DN 127], Defendant Morales' Motion to Strike [DN 128], Defendant Morales' Motion to Withdraw and Amend [DN 129], and Plaintiff's Motion to Deem Requests for Admissions Admitted [DN 130]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

This case arises out of a vehicular accident that occurred on August 6, 2016 in Madisonville, Kentucky. The collision occurred when Krystal White was driving down I-69 along with her infant daughter in the backseat of the car. She collided with an 18-wheeler truck owned by Transportation Services, Inc. ("TSI") and driven by Genaro Sanchez Ramirez. At the time, Ramirez was on route to Dayton, Ohio with his co-driver, David M. Morales. Both drivers were employees of TSI Logistica Fronteriza ("LF").

Krystal White was pronounced dead at the scene. Plaintiff's infant daughter suffered injuries as well. This lawsuit was initiated by Krystal White's husband, William Stefan White, on behalf of himself, his deceased wife, and his two minor children. Plaintiffs allege that TSI, Ramirez, Morales, and LF are liable for negligence, negligence per se, negligent infliction of

emotional distress, and gross negligence. Additionally, Plaintiffs claim that TSI and LF are liable for negligent retention, entrustment, supervision, and training.

## II. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## III. PRELIMINARY MOTIONS

Before deciding either motion for summary judgment, the Court must decide which facts it is willing to consider on the merits. At issue here are four motions relating to Defendant Morales' failure to respond to Plaintiff's properly served Request for Admission [DN 94] ("The RFA"). Both parties acknowledge that Defendant Morales' failed to respond to The RFA within the thirty-day time frame proscribed by Federal Rule of Civil Procedure 36(a)(3). For this reason, Plaintiffs ask the Court to deem The RFA as admitted, in accordance with this statute. (Mot. to Deem RFA Nonresponse Admitted [DN 130].) In addition, Plaintiffs request that they be allowed to file supplements to their Motion for Partial Summary Judgment [DN 100] and response to Defendant Morales' Motion for Summary Judgment [DN 95] to include the additional facts obtained from The RFA admissions. (Mot. to Supplement [DN 127].)

Defendant Morales opposes both of these motions. In responding to Plaintiff's Motion to Supplement, Morales filed a Motion to Strike [DN 128]. However, as Magistrate Judge Brennenstuhl has previously informed Defendants, a motion to strike is not the appropriate procedural vehicle to address opposition to a motion. (See Order [DN 108] at 4.) For this reason, Morales' Motion to Strike is **DENIED** and the information within will be treated as a response to Plaintiff's Motion to Supplement. Further, Morales asks that he be allowed to withdraw or amend The RFA, essentially asking that the Court permit him to submit a tardy response. (Mot. to Withdraw and Amend [DN 129].)

Section 36 of the Federal Rules of Civil Procedure sets forth the rules related to requests for admission. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36 (a)(3). Therefore, because

Morales failed to submit an answer or objection to The RFA to Plaintiffs within 30 days, the matters requested within The RFA are admitted and Plaintiffs' Motion to Deem Requests for Admission Admitted [DN 130] is **GRANTED**.

However, a matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Further, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

In accordance with 36(b), Morales has moved the Court to withdraw or amend The RFA. After consideration, the Court finds that Morales meets the two prong test set forth in the rule. First, granting this motion will allow the question of Morales' liability to be decided on the merits rather than because of a missed deadline during discovery. Second, the Court finds that Plaintiffs will not be prejudiced by having to prove Morales' liability in this case, a burden the Plaintiffs were prepared to bear had it not been for the late response to the requests for admissions. Therefore, Defendant Morales' Motion to Withdraw or Amend Admissions [DN 129] is **GRANTED**. Because Morales will be permitted to withdraw or amend The RFA, Plaintiffs' Motion to Supplement [DN 127] is **DENIED**.

### IV. DISCUSSION

#### 1. Defendant Morales' Motion for Summary Judgment

Defendant David M. Morales asks this Court for summary judgment dismissing all claims against him. According to Morales, he was asleep in the truck at the time of the accident. For this reason, Morales claims that there can be no negligence action against him.

The Plaintiffs' response to Morales' Motion for Summary Judgment mentions on going discovery and that it expects to learn more about Morales' conduct and potential liability through the discovery process. The Court recognizes that the briefing on this motion occurred some time ago, and some facts may have since been discovered. However, if so, nothing has been filed subsequently directing the Court's attention to those facts. Even assuming that there are no facts to contradict the assertion that Morales was asleep in the sleeping compartment at the time of the accident, the Plaintiffs seek to impute negligence to him on a joint enterprise theory.

Joint enterprise is a theory by which the negligence of one member of a joint enterprise can be imputed to another. Plaintiffs suggest that Morales and Ramirez were engaged in a joint enterprise at the time of the accident and therefore, any negligence attributable to Ramirez is also imputed to Morales.

Kentucky courts use the four elements set forth in the Restatements of Torts to determine whether parties are engaged in a joint enterprise: (1) an agreement, expressed or implied, among the members of the group; (2) a common purpose to be carried out; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise. Huff v. Rosenberg, 496 S.W.2d 352, 355 (Ky. Ct. App. 1973) (citing Restatement (Second) of Torts § 491 (1965)). "Whether these elements exist is frequently a question for the jury, under proper direction from the court." Restatement (Second) of Torts § 491. Further, when the joint enterprise involves driving a vehicle, Kentucky courts have also held that "to constitute a joint enterprise there must be an equal right, express or implied, among all occupants of the car, to direct and control its operation." Helton v. Montgomery, 595 S.W.2d 257, 258 (Ky. Ct. App. 1980) (citing Wright v. Kinslow, 264 S.W.2d 673, 676 (Ky. 1954)).

The Court has doubts as to the joint enterprise theory and is inclined to believe the Plaintiffs will be unable satisfy all of the elements. Comment f to the Restatement (Second) of Torts § 491 states: "The fact that the plaintiff and the driver are fellow servants of a common master and are both acting in the course of their master's employment and in furtherance of his business does not make them participants in a joint enterprise, and this is true irrespective of whether the vehicle is owned by the master, the fellow-servant driver, or by the plaintiff himself." This case seems to be akin to the arrangement which the Eleventh Circuit in <u>Kenney v. Lewis Revels Rare Coins, Inc</u>., described as follows:

> There was no "engagement" and accompanying understanding between the parties except as co-employees. Hargraves did not choose Whiting to accompany him. They had no mutual interest in the trip. The trip was the employer's, and Hargraves's and Whiting's only common interest was in doing their employer's bidding. They shared control because their employer told them to drive straight through to New York, and fulfilling that responsibility necessarily required shared control and taking turns at the wheel.

741 F.2d 378, 381−82 (11th Cir. 1984).

Despite the Court's doubts at this time, the better course is to let all the facts come out at trial and assess the evidence then as to Morales' liability. Therefore, Morales' Motion for Summary Judgment is **DENIED**.

### 2. Plaintiffs' Motion for Partial Summary Judgment

In addition, the Plaintiffs have moved for partial summary judgment on the issue of liability. According to the Plaintiff, liability against the Defendants can be established pursuant to the theory of negligence per se. However, the Court believes this case is not ready for summary judgment. Again, the better course is to let all the facts come out at trial and direct verdicts as to liability if the evidence supports it. Plaintiff's Motion for Partial Summary Judgment is therefore **DENIED**.

## V. Conclusion

Therefore, for the foregoing reasons, the Court orders the following:

(1) Defendant Morales' Motion for Partial Summary Judgment (DN 61) is **DENIED**;

(2) Plaintiffs' Motion for Partial Summary Judgment (DN 100) is **DENIED**;

(3) Plaintiffs' Motion to Supplement (DN 127) is **DENIED**;

(4) Defendant Morales' Motion to Strike (DN 128) is **DENIED**;

(5) Defendant Morales' Motion to Withdraw or Amend (DN 129) is **GRANTED**;

(6) Plaintiffs' Motion to Deem Requests for Admission Admitted (DN 130) is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 21, 2017

cc: counsel of record