UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:16-CV-00138

WILLIAM STEFAN WHITE, et al.                                    PLAINTIFF

V.

TRANSPORTATION SERVICES, INC. et al.                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions for summary judgment by Defendants Ramirez, Morales, and TSI [DNs, 209, 210, 211]. Fully briefed, these matters are ripe for decision. For the following reasons, the motions of Ramirez and Morales are **DENIED**. TSI's Motion for Summary Judgment is **GRANTED**.

### I. BACKGROUND

This case arises out of an automobile accident that occurred on August 6, 2016 in Madisonville, Kentucky. The collision occurred when Krystal White was driving down I-69 along with her infant daughter in the backseat of the car. She collided with a tractor-trailer owned by Transportation Services, Inc. ("TSI") and driven by Genaro Sanchez Ramirez. At the time, Ramirez was on route to Dayton, Ohio with his co-driver, David M. Morales. Both drivers were employees of TSI Logistica Fronteriza ("LF"). Krystal White was pronounced dead at the scene. Plaintiff's infant daughter suffered injuries as well.

This lawsuit was initiated by Krystal White's husband, William Stefan White, on behalf of himself, his deceased wife, and his two minor children. Plaintiffs allege that TSI, Ramirez, Morales, and LF are liable for negligence, negligence per se, negligent infliction of emotional distress, and gross negligence. Additionally, Plaintiffs claim that TSI and LF are liable for

negligent retention, entrustment, supervision, and training. Defendants Morales, Ramirez, and TSI now seek summary judgment on the issue of punitive damages.

## II. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. APPLICABLE LAW

Defendants Ramirez, Morales, and TSI ask the Court for summary judgment on the issue of punitive damages. Under Kentucky common law, the standard for awarding punitive damages is gross negligence or a "wanton or reckless disregard for the lives, safety or property of others." *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 52 (Ky. 2003). "In no case shall punitive damages be assessed against a principal or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question." Ky. Rev. Stat. § 411.184(3).

## IV. DISCUSSION

### 1. TSI

Plaintiffs maintain that Defendant TSI can be subjected to punitive damages if they are found vicariously liable for the negligence of Ramirez. Ramirez was working as a driver for TSI during his trip through Kentucky where he was ultimately involved in the fatal wreck. However, Kentucky's punitive damages statute limits employer liability for punitive damages. "In no case shall punitive damages be assessed against a principle or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question." Ky. Rev. Stat. § 411.184(3). Even in cases that involve a claim of wrongful death, this provision protects employers from punitive damages for their employee's wrongdoings that they did not anticipate, authorize, or ratify. *In re Air Crash at Lexington, Ky., Aug. 27, 2006*, No. 5:06-CV-316-KSF, 2011 WL 350469, at *5 (E.D. Ky. Feb. 2, 2011).

Plaintiffs argue that TSI could be subject to punitive damages for Ramirez's negligence because there is evidence that TSI ratified or approved Ramirez's actions. "The near complete record in this case tells the tale of how TSI ratified or approved these actions after the fact by

retention of Ramirez and his quick return to driving for TSI until Ramirez voluntarily resigned on October 21, 2016-nearly three months after the incident." (Resp. to Mot. for Summ. J of Def. TSI [DN 226] at 15). In its Reply, TSI points out that "mere retention of an employee does not establish authorization or ratification of an employee's alleged conduct in Kentucky." (Def. TSI's Reply in Support of its Mot. for Summ. J. [DN 235] at 6). The Court agrees. Kentucky courts have consistently held that retention of an employee following a wrongdoing does not mean the employer ratified the action. *Patterson v. Tommy Blair, Inc.*, 265 S.W.3d 241, 245 (Ky. Ct. App. 2007); *Turner v. Werner Enters.*, 442 F. Supp. 2d 384, 387 (E.D. Ky. 2006).

In conclusion, there is no evidence in this case that TSI authorized, ratified, or should have anticipated Ramirez's conduct. For this reason, TSI's Motion for Summary Judgment on the issue of punitive damages is **GRANTED**.

**2. Ramirez**

There are several different versions of the events leading to the fatal collision with Krystal White told by witnesses in depositions. However, because this is on a motion for summary judgment by the Defendants, the Court will view the facts in a light most favorable to the Plaintiffs and assume that at the time of the collision, Ramirez was moving in reverse in the right-hand lane of the highway.

"Nearly all auto accidents are the result of negligent conduct, though few are sufficiently reckless as to amount to gross negligence, authorizing punitive damages." *Kinney*, 131 S.W.3d at 359. However, Kentucky courts have found that in some auto accident cases, the behavior of the at-fault driver was so grossly negligent that punitive damages were warranted. For example, in *Gersh v. Bowman*, the Kentucky Court of Appeals determined that a driver going 34 miles above the speed limit on a sharp curve at night was grossly negligent. 239 S.W.3d 567, 572 (Ky.

Ct. App. 2007). *Shortridge v. Rice* established that under Kentucky's punitive damages statute, evidence of drunk driving was enough to submit the issue of punitive damages to a jury. 929 S.W.2d 194, 198 (Ky. Ct. App. 1996). At this juncture, the Court concludes that a reasonable jury might assess punitive damages in this case. However, at the conclusion of all the proof, the Court might think otherwise. There is no justification for taking punitive damages off the table at this time. Thus, Ramirez's Motion for Summary Judgment is **DENIED**.

### 3. Morales

Morales was the co-driver of Ramirez's truck when the accident with Krystal White occurred. Although Morales claims that he was asleep in the truck's sleeping compartment at the time of the collision, Morales may be held liable either for Ramirez's negligence if the two are found to have been acting in furtherance of a joint enterprise when the accident occurred or for his own negligence in neglecting his duties as a co-driver. The Court has already determined that the best course is to let all the facts come out at trial and assess the evidence then as to Morales' liability. Therefore, the decision of whether Morales can be subject to punitive damages through any gross negligence by himself or Ramirez will also be deferred to trial. Morales' Motion for Summary Judgment is **DENIED**.

### V. CONCLUSION

Therefore, for the reasons set forth above, **IT IS HEREBY ORDERED** that TSI's Motion for Summary Judgment is **GRANTED,** and Defendants Morales' and Ramirez's motions for summary judgment are **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

March 29, 2018