UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:16-CV-00138

WILLIAM STEFAN WHITE, et al.                                                                   PLAINTIFFS

V.

TRANSPORTATION SERVICES, INC. et al.                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following motions: TSI Logistica Fronteriza's Motion for Partial Summary Judgment [DN 266], Morales' Renewed Motion for Summary Judgment [DN 267], Ramirez's Renewed Motion for Summary Judgment [DN 268], and Plaintiffs' Renewed Motion for Summary Judgment on Liability [DN 278]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

This case arises out of an automobile accident that occurred on August 6, 2016 in Madisonville, Kentucky. The collision occurred when Krystal White was driving down I-69 along with her infant daughter in the backseat of the car. She collided with a semi-truck owned by Transportation Services, Inc. ("TSI") and driven by Genaro Sanchez Ramirez. At the time, Ramirez was on route to Dayton, Ohio with his co-driver, David M. Morales. Both drivers were employees of TSI Logistica Fronteriza ("TSI LF"). Krystal White was pronounced dead at the scene. Plaintiff's infant daughter suffered injuries as well.

This lawsuit was initiated by Krystal White's husband, William Stefan White, on behalf of himself, as administrator of the Estate of Krystal White, and as guardian for his two minor children. Plaintiffs allege that TSI, Ramirez, Morales, and TSI LF are liable for negligence, negligence per se, negligent infliction of emotional distress, and gross negligence. Additionally,

Plaintiffs claim that TSI and TSI LF are liable for negligent hiring, retention, entrustment, supervision, and training.

Before the Court are motions for summary judgment by both parties. Ramirez, Morales, and TSI LF ask for summary judgment on the issue of punitive damages. Morales also moves for summary judgment to dismiss all claims against him and TSI LF moves for summary judgment on Plaintiffs' claim of negligent hiring, supervision, and retention. Plaintiffs renew their request for summary judgment on the issue of liability. The Court will discuss each in turn.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence

of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

#### A. Ramirez

Defendant Ramirez renews his request for summary judgment on the issue of punitive damages. This Court previously overruled Ramirez's earlier Motion for Summary Judgment on Plaintiff's Claim for Punitive Damages [DN 210] in a Memorandum Opinion and Order dated December 21, 2017 [DN 216]. The only new argument raised in the current motion is Defendants' contention that the Court mischaracterized Ramirez's actions by stating that he may have been moving his truck in reverse at the time of the collision. According to Defendants, the "undisputed evidence is that Mr. Ramirez was either moving slowly or stopped at the time of the collision in an effort to exit the highway," and therefore, his conduct is "at worst, ordinary negligence." (Mem. in Support of Renewed Mot. for Summ. J. [DN 268-1] at 6−7.)

Even if the Court mischaracterized Ramirez's actions in its earlier Opinion, Ramirez has not shown that he is entitled to summary judgment on the issue of punitive damages. It seems at this point there is sufficient evidence to support a punitive damages award. The Court will decide after it hears all the evidence whether to let the jury award punitive damages. Therefore, Ramirez's Renewed Motion for Summary Judgment is **DENIED**.

#### B. Morales

Morales also renews his request for summary judgment on the issue of punitive damages and to dismiss all claims against him. Morales argues that there is no basis for any claims against him because he was asleep in the truck at the time of the accident. Yet, when it comes to

Morales, all claims against him and the appropriateness of punitive damages will depend on whether the Plaintiffs can establish liability through his failure to act or through his joint enterprise with Ramirez. The Court has said in two prior opinions that "the best course is to let all the facts come out at trial and assess the evidence then as to Morales' liability." (Mem. Op. and Order [DN 216] at 5.) The position of this Court has not changed and therefore, Morales' Renewed Motion for Summary Judgment is **DENIED**.

### C. TSI LF

#### 1. Negligent Hiring, Retention, and Supervision

TSI LF asks this Court to grant summary judgment in its favor on Plaintiffs' claim of negligent hiring, retention, and supervision. In Kentucky, a claim of negligent hiring and retention consists of two elements: (1) the employer knew or reasonably should have known that the employee was unfit for the job for which he was employed; (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff. *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000).

In its Motion for Summary Judgment, TSI LF argues that Plaintiffs' negligent hiring, retention, and supervision claim cannot be viable because TSI LF did not have control over the co-drivers and because there is no evidence to demonstrate Ramirez or Morales were unfit for the job or posed a danger to the public. In their Response, Plaintiffs do not defend their claim of negligent hiring, retention, and supervision. One possible explanation for Plaintiffs' lack of a defense is that the proof does not support a negligent hiring, entrustment, training, supervision, and retention claim. For example, TSI LF Fleet Manager Edgar Trevino explained that there is a thorough process for assuring all TSI LF drivers are qualified to drive trucks. When Ramirez and Morales applied for employment, Trevino reviewed their applications, criminal

backgrounds, and recommendations from previous employers. Furthermore, both Ramirez and Morales testified that they possessed commercial driver's licenses. There is also deposition testimony that the drivers were tested on their English skills to insure they were proficient English speakers before being allowed to drive in American. After the drivers were hired, they attended a training session. After all of these efforts, it was reasonable for TSI LF to conclude that Ramirez and Morales were fit to be truck drivers. Because the Plaintiffs have offered no evidence to the contrary, Defendants are entitled to summary judgment on Plaintiffs' claim of negligent hiring, retention, entrustment, supervision, and training in Count III of the Amended Complaint.

## 2. Punitive Damages

TSI LF also moves for summary judgment on the issue of punitive damages. Kentucky's punitive damages statute limits employer liability for punitive damages. "In no case shall punitive damages be assessed against a principal or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question." Ky. Rev. Stat. § 411.184(3). Even in cases that involve a claim of wrongful death, this provision protects employers from punitive damages for their employee's wrongdoings that they did not anticipate, authorize, or ratify. *In re Air Crash at Lexington, Ky., Aug. 27, 2006*, No. 5:06-CV-316-KSF, 2011 WL 350469, at *5 (E.D. Ky. Feb. 2, 2011).

TSI LF argues that it cannot be held liable for punitive damages because "there is no evidence to demonstrate that TSI LF ratified, authorized, or anticipate the conduct of Ramirez." (Mem. In Support of LF's Mot. for Summ. J. [DN 266-1] at 9.) Plaintiffs, making an identical argument to the one made while arguing TSI should be subjected to punitive damages, states, "The near complete record in this case tells the tale of how TSI and TSI LF ratified the co-

drivers' actions after-the-fact by its retention of Ramirez and Morales and their quick return to driving for TSI and TSI LF." (Resp. to Mot. for Partial Summ. J. of LF [DN 288] at 7.) As this Court previously stated, "Kentucky courts have consistently held that retention of an employee following a wrongdoing does not mean the employer ratified the action." (Mem. Op. and Order [DN 250] at 4 (citing *Patterson v. Tommy Blair, Inc.*, 265 S.W.3d 241, 245 (Ky. Ct. App. 2007); *Turner v. Werner Enters.*, 442 F. Supp. 2d 384, 387 (E.D. Ky. 2006)).) Because Plaintiffs have offered no evidence aside from retention that would indicate TSI LF ratified the actions of Ramirez and Morales, TSI LF is entitled to summary judgment on the issue of punitive damages.

### D. Plaintiffs

Plaintiffs have renewed their request for summary judgment on the issue of liability. Once again, Plaintiffs argue that liability against the Defendants can be established pursuant to the theories of respondeat superior and negligence per se. As this Court previously stated, "[T]he better course is to let all the facts come out at trial and direct verdicts as to liability if the evidence supports it." (Mem. Op. and Order [DN 216] at 6.) The Renewed Motion for Summary Judgment is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that TSI LF's Motion for Summary Judgment [DN 266] is **GRANTED**, Morales' Renewed Motion for Summary Judgment [DN 267] is **DENIED**, Ramirez's Renewed Motion for Summary Judgment [DN 268] is **DENIED**, and Plaintiffs' Renewed Motion for Summary Judgment [DN 278] is **DENIED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

August 8, 2018